UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**RONALD TINGLE**                                                                      **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 4:16-CV-P118-JHM**

**JASON WOOSLEY**                                                  **RESPONDENT**

### MEMORANDUM OPINION

Ronald Tingle, a federal pretrial detainee, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the Court will dismiss the habeas petition.

### I.

Petitioner is incarcerated at the Grayson County Detention Center (GCDC). He states that he has a criminal action pending against him in the U.S. District Court for the Southern District of Indiana.

As grounds for filing a § 2241 petition, Petitioner first states that he had ineffective assistance of counsel because his attorney did not appeal a decision on December 23, 2015.[1] Second, Petitioner asserts "medical issues with the jail." As his third ground, he states "over crowding." In particular, Petitioner states that two to four people have been sleeping on the floor during his incarceration and that there have been fights between inmates regarding the phone and tv remote control. Petitioner's request for relief states: "Release me to attend to my medical needs and properly help my attorney research my case until my trial dates."

Attached to his petition is a memorandum in which Petitioner puts forth reasons that he should be released pretrial, *i.e.*, that he is not violent; that the judge had ordered his release

---

[1] A review of the docket of his pending federal criminal case, *United States v. Tingle*, 4:2015-cr-23, indicates that Petitioner is referring to the district court's grant of the Government's motion for revocation of release order and remand of Petitioner to the custody of the United States Marshal (DN 43). Petitioner, through counsel, moved for an additional detention hearing. The district court found that no reopening of the detention hearing under 18 U.S.C. § 3142(f) was warranted (DN 57).

previously; that the criminal trial court had received several letters in support of his release; that he has strong family ties, owns property, and has nowhere else to go; and that, if released, he has a job as a union iron worker. He also asserts that he has had problems with the mail, *e.g.*, that his former attorney did not receive all of his letters. Petitioner worries that he is not getting enough access to his attorney for him to be fairly represented at trial. He also alleges that the pretrial services report falsely stated that he planned to go to Mexico. Additionally, Petitioner states that he "cannot research as I wish here at the jail." Petitioner also argues that he is 60 years old, has diverticulitis, and needs to be fitted for dentures because he had all of his teeth extracted the week prior to his arrest.

## II.

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentences are being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991)).

Petitioner is a federal pretrial detainee. To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, he is required to first exhaust available remedies. *See, e.g., Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (indicating that defendants should not use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same); *Joiner v. United States*, No. 1:07 CV 1726, 2007 WL 2688177, at *1 (N.D. Ohio Sept. 10, 2007).

For federal pretrial detainees, courts have strongly preferred that the detainees seeking pretrial release file an appeal under 18 U.S.C. § 3145(b)-(c) as opposed to a § 2241 habeas action. *See Fassler v. United States*, 858 F.2d at 1018 (5th Cir. 1988); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994). While Petitioner, through counsel in his pending federal criminal case, did move for an additional detention hearing, the district court found that reopening of the detention hearing under 18 U.S.C. § 3142(f) was not warranted. (DN 57) Petitioner did not bring a motion for review of the detention order pursuant to § 3145(b), which provides that a person ordered detained "may file . . . a motion for revocation or amendment of the order." Further, under subsection (c), a pretrial detainee may appeal his release or detention order or appeal "a decision denying revocation or amendment of such an order." § 3145(c); *see also United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); *Heard v. Hickey*, No. 5:12-CV-055-JBC, 2012 WL 1080279, at *2 (E.D. Ky. Mar. 30, 2012). Petitioner has not done so, "and thus he did not properly exhaust all remedies available to him under section 3145." *Clements v. Gonzales*, No. 407 CV 1596, 2007 WL 1747140, at *2 (N.D. Ohio June 15, 2007).

Additionally, portions of the petition pertain to the conditions of Petitioner's confinement. Section 2241 is not available to review questions unrelated to the cause of detention. *Martin,* 391 F.3d at 714. Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement, such as overcrowding, is considered a "condition of confinement." These conditions-of-confinement claims cannot be brought in a habeas petition. *See, e.g.*, *Rice v. Coakley*, No. 4:14-CV-0085, 2014 WL 3186093, at *1-2 (N.D. Ohio July 2, 2014). Such claims must be brought as a civil rights action, *Preiser v. Rodriguez,* 411 U.S. 475, 487-88 (1973), and the Court notes that Petitioner has such an action pending in this Court. *Tingle v. Grayson Cty. Detention Ctr.*, 4-16-cv-87-JHM.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: October 20, 2016

*[signature: Joseph H. McKinley]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
    Respondent
4414.009